IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEET METAL WOKERS LOCAL 265 WELFARE FUND, ) ) ) SHEET METAL WOKERS LOCAL 265 ) PENSION FUND, ) ) SHEET METAL WOKERS LOCAL 265 ) EDUCATIONAL FUND, ) ) SHEET METAL WOKERS LOCAL 265, ) INDUSTRY FUND, ) ) SHEET METAL WOKERS LOCAL 265 ) SUPPLEMENTAL RETIREMENT PLAN, ) ) SHEET METAL WOKERS LOCAL 265 ) SAVINGS FUND, ) ) SCOTT P. WILLIE, as Administrator/Manager/ ) Authorized Agent of Plaintiff Funds, and ) ) SHEET METAL WORKERS' ) INTERNATIONAL ASSOCIATION ) LOCAL UNION NO. 265 ) ) Plaintiffs, ) ) v. ) UPDATE HEATING AND COOLING, INC., ) An Illinois Corporation ) Defendants. ) | CIVIL ACTION<br><br>Case No. 08 C 1290<br><br>JUDGE DER-YEGHIAYAN<br><br>FILED<br><br>JUL 23 2008 TC<br>Jul 23 2008<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND
MOTION FOR MORE DEFINITE STATEMENT
WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, UPDATE HEATING AND COOLING, INC., hereinafter referred to as "Defendant", by and through their attorney, CHRISTOPHER M. JAHNKE of JAHNKE & TOOLIS, LLC., brings this Motion pursuant to Federal Rule of Civil Procedure 12(b), and states as follows:

## HISTORY

1. Plaintiffs filed a two count Complaint against Defendant purporting to allege claims under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") and the Labor-Management Relations Act of 1947.

2. Neither defense counsel nor Defendant was aware of service of the suit, as Defendant was served through the Secretary of State.

3. Defense counsel received a copy of the Complaint from Plaintiffs' counsel on or about July 17, 2008.

4. Defendant now files this Motion as more fully set forth herein.

## SUMMARY OF THE ARGUMENT

5. In response to a Complaint, a party may assert the failure to state a claim upon which relief can be granted as a defense by motion. *See* Federal Rules of Civil Procedure Rule 12 (b)(6).

6. If it clearly appears from Complaint that on facts pleaded a Plaintiff will not be entitled to any relief, a motion to dismiss claim is proper procedure and should be sustained. *See* Foshee v. Daoust Const. Co., 185 F.2d 23 (C.A. 7th 1950).

7. The Grant of a motion for more definite statement is warranted only if a pleading is so vague or ambiguous that party cannot reasonably be required to frame responsive pleading. *See* Fed.Rules Civ.Proc.Rule 12 (e).

8. Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *See* United Phosphorus, Ltd. v. Angus Chemical Co. 322 F.3d 942, 946 (7th Cir.2003).

9. ERISA does not provide a statutory remedy for breach of contract. *See* Caparelli v. Exelon Corp. 2006 WL 1084289 (N.D. Ill. 2006).

10. Counts I and Count II of Plaintiffs' Complaint should be dismissed, as the Court lacks subject matter jurisdiction and Plaintiffs fail to state a claim for which relief may be granted. *See* Fed.Rules Civ.Proc.Rules 12 (b)(1) and 12 (b) (6).

11. Plaintiffs Complaint is so vague or ambiguous that the Defendant cannot reasonably be required to frame responsive pleading. *See* Fed.Rules Civ.Proc.Rule 12 (e).

12. Count I of Plaintiffs' Complaint should be dismissed, as ERISA does not provide a statutory remedy for breach of contract. *See* Caparelli v. Exelon Corp. 2006 WL 1084289 (N.D. Ill. 2006).

13. For the reasons stated above, and as more fully explained in the Memorandum below, Defendant respectfully requests this Court to Dismiss Plaintiff's Complaint, or in the alternative, require Plaintiff to provide a more definite statement.

## MEMORANDUM OF LAW

### I. COUNTS I AND II OF PLAINTIFFS' COMPLAINT MUST BE DISMISSED PURSUANT TO RULE 12(b)

In response to a Complaint, a party may assert the failure to state a claim upon which relief can be granted as a defense by motion. *See* Federal Rules of Civil Procedure Rule 12 (b)(6).

If it clearly appears from Complaint that on facts pleaded Plaintiff will not be entitled to any relief, a motion to dismiss claim is proper procedure and should be sustained. *See* Foshee v. Daoust Const. Co., 185 F.2d 23 (C.A. 7th 1950).

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *See* United Phosphorus, Ltd. v. Angus Chemical Co. 322 F.3d 942, 946 (7th Cir.2003).

In the instant case, Count I of Plaintiffs' Complaint appears to predicate Jurisdiction on a violation of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"). However, in paragraphs three (3) and four (4) of Count I of the Complaint, Plaintiffs make reference to a collective bargaining agreement as well as an "Agreement and Declaration of Trust". The remainder of Count I proceeds to allege that Defendant failed to abide by certain obligations under these agreements. However, Plaintiffs do not mention any specific violation of ERISA.

Similarly, Count II of Plaintiffs' Complaint bases jurisdiction on the Labor-Management Relations Act of 1947. However, in paragraph three (3) of Count II of the Complaint, Plaintiffs again make reference to a collective bargaining agreement and Defendant's alleged failure to abide by the agreement. As in Count I, Count II fails to mention any specific violation of the Act that Plaintiffs allege provides jurisdiction.

Based on the Complaint as plead, it appears that that Plaintiffs are attempting to bring nothing more than a simple breach of contract action. Plaintiff fails to allege any facts that give rise to subject matter jurisdiction or to put Defendant on notice as to what if any violations of Federal law have occurred. As such, Plaintiffs have not pleaded facts sufficient under either Federal Rule of Procedure Rule 12 (b) (1) or Rule 12 (b)(6). *See* Foshee v. Daoust Const. Co., supra; *see also* United Phosphorus, Ltd. v. Angus Chemical Co. supra.

Moreover, as plead, Defendant is unable to ascertain whether the claims are being brought under contract theory of recovery, or under a Federal statutory theory of recovery. A motion for more definite statement is proper where a Complaint is so vague or ambiguous that the Defendant cannot reasonably be required to frame responsive pleading. See Fed.Rules Civ.Proc.Rule 12 (c).

It is respectfully submitted that the Court enter an Order dismissing Plaintiffs' Complaint, because as plead, Plaintiff has not pleaded facts sufficient under either Federal Rule of Procedure Rule 12 (b) (1) or Rule 12 (b)(6). See Foshee v. Daoust Const. Co., supra; see also United Phosphorus, Ltd. v. Angus Chemical Co. supra.

In the alternative, Defendant respectfully requests this Court enter an Order requiring Plaintiffs to provide a more definite statement, as the pleading Complaint is so vague or ambiguous that the Defendant cannot reasonably be required to frame responsive pleading. See Fed.Rules Civ.Proc.Rule 12 (e).

## II. COUNT I OF PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED AS ERISA DOES NOT PROVIDE A STATUTORY REMEDY FOR BREACH OF CONTRACT

ERISA does not provide a statutory remedy for breach of contract. See Caparelli v. Exelon Corp. 2006 WL 1084289 (N.D. Ill. 2006). The Seventh Circuit has set forth three factors for determining whether § 502 of ERISA preempts a breach of contract claim. See Caparelli, supra. First, a Plaintiff must be able to bring a claim under § 502(a). Second, a Plaintiff's claim must be enforceable under § 502(a). Finally, a Plaintiff's claim must require interpretation of an ERISA plan or contract. See Klassy v. Physicians Plus Ins. Co., 371 F.3d 952, 955 (C.A. 7 2004).

In the instant matter, Plaintiffs have not pleaded any facts that show that the ERISA claim can be brought. Further, as discussed infra, Plaintiffs have essentially pleaded a breach of contract claim, with no reference to ERISA, other than jurisdiction. As noted above, ERISA does not provide a statutory remedy for breach of contract. *See* Caparelli, supra.

It is respectfully requested that this Court Dismiss Count I of the Complaint, as Plaintiffs have pleaded a breach of contract action and ERISA does not provide a statutory remedy for breach of contract. *See* Caparelli, supra.

## CONCLUSION

For the reasons stated above, Plaintiffs' Complaint must be dismissed. In the alternative, Plaintiff should be required to present a more definite statement.

Respectfully Submitted,

_____
Christopher M. Jahnke

JAHNKE & TOOLIS, LLC.
Illinois ARDC No. 6294347
9031 W. 151st Street
Suite 203
Orland Park, Illinois 60462
708-349-9333